UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLA M. AHLES,

                Plaintiff,

vs.     **COMPLAINT**

STEVEN T. MNUCHIN, Secretary of the Treasury,     _____

                Defendant.

## PARTIES

1. The Plaintiff, Carla M. Ahles, is a natural person with a place of residence at 251 S. Central Ave. Springville, NY 14141.

2. Upon information and belief, Defendant Steven T. Mnuchin ("Defendant" or "District"), is a federal officer who is the party in interest in the Department of the Treasury, with offices located at 1500 Pennsylvania Ave., N.W., Washington, D.C. 20220.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983 and §501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq..

4. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6. Plaintiff filed a charge of discrimination with the Department of the Treasury. The Department of the Treasury assigned a charge number as IRS-20-0164-M.

7. Subsequently, the Department of the Treasury mailed Plaintiff a 'final agency determination' letter proving that she has exhausted her administrative remedies under Title VII and the rehabilitation act.

## FACTUAL BACKGROUND

8. At all relevant times Ms. Ahles was an employee of Defendant.

9. Ms. Ahles is female.

10. Ms. Ahles has disabilities: Irritable Bowel Syndrome and Crohn's Disease.

11. Ms. Ahles requested reasonable accommodations for her disabilities.

12. Ms. Ahles requested the ability to work from home as a telecommuter as a reasonable accommodation for her disabilities.

13. These requests were denied.

14. Ms. Ahles was absent from work because of her disabilities.

15. Defendant terminated Ms. Ahles employment.

16. Defendant terminated Ms. Ahles because she was absent from work.

17. Therefore, Defendant terminated Ms. Ahles because of her disabilities.

18. But for her disabilities, Ms. Ahles would not have been absent from work, and therefore would not have been terminated.

19. Defendant's termination of Ms. Ahles was illegal.

## FIRST CAUSE OF ACTION

### Discrimination in violation of the ADA and the Rehabilitation Act

20. The *Prima facie* elements of Discrimination claims are "not onerous."[1] Complainant must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed, <u>OR</u> by direct evidence of discriminatory bias [2]

**Protected Classes and Activity**

21. Ms. Ahles has disabilities.  She has Irritable Bowel Syndrome and Crohn's Disease.
22. Ms. Ahles requested accommodation by working from home.

**Adverse Action**

23. Respondent did not grant Ms. Ahles request for accommodation.

**Complainant was Qualified for the Job Held**

24. Ms. Ahles has held the position for years.
25. Defendant has not asserted that Ms. Ahles was not qualified.

**Work was Still Being Performed**

26. Upon information and belief, taxes are still being collected.

27. As a result of Defendants' actions, Ms. Ahles experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

---

[1] <u>Texas Dept. of Community Affairs v Burdine</u>, 450 US 248, 253 [1981]
[2] <u>McDonnell Douglas Corp. v Green</u>, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

**WHEREFORE**, Ms. Ahles respectfully requests this Court to enter an Order

A. Awarding Ms. Ahles past lost wages and benefits in an amount to be determined at trial;

B. Awarding Ms. Ahles damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

C. Directing Defendants pay all unreimbursed medical costs incurred by Ms. Ahles as a result of the stress and anxiety resulting from the discrimination he suffered and the hostile working conditions she endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Defendants pay Ms. Ahles the costs of this action, together with reasonable attorneys' fees and disbursements;

E. Defendants to pay punitive damages for their illegal conduct;

F. Defendants to reinstate Ms. Ahles pension and health care status;

G. Ms. Ahles to have such other and further relief as this Court deems just and equitable.

***

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: July 23, 2020
       Buffalo, New York

Respectfully submitted,
Plaintiff Ms. Ahles by her Attorneys

THE LAW OFFICE OF LINDY KORN PLLC

*/s/ Lindy Korn*
_____

Lindy Korn, Esq.
Richard J. Perry, Esq.
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com
khovaros@yahoo.com