UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLA M. AHLES,

                    Plaintiff,

v.

JANET YELLEN[1], Secretary of the Treasury,

                    Defendant.

**DECISION AND ORDER**
20-CV-951S

---

## I.      Introduction

This is a Title VII, Americans with Disabilities Act ("ADA"), and Rehabilitation Act action by a former Internal Revenue Service ("IRS") employee, Carla Ahles, a female employee who suffered from irritable bowel syndrome and Crohn's Disease. Ahles claims she was denied reasonable accommodation from the IRS for her condition.

Before this Court is the Motion of Defendant Secretary of the Treasury Janet Yellen (hereinafter "the Government") for Summary Judgment (Docket No. 17[2]).

For the reasons stated herein, the Government's Motion (Docket No. 17) is granted. Plaintiff's action is dismissed.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Janet Yellen automatically substitutes for her predecessor, Secretary Steven Mnuchin.

[2] In support of its Motion (Docket No. 17), the Government submits its Statement of Undisputed Facts, Docket No. 18; its Memorandum of Law, Docket No. 19; its Attorney's Declaration, Docket No. 20; and appendix of Exhibits, Docket No. 21; and Defendant's Reply Memorandum of Law, Docket No. 28.
In opposition, Plaintiff submits her Memorandum of Law}, Docket No. 27. Plaintiff has not responded to Defendant's Statement of Undisputed Facts.

## II.     Background

  A. Facts

According to the Government, Plaintiff worked as a contact representative with the IRS from October 2009 until her termination in December 2019 (Docket No. 18, Def. Statement ¶¶ 11, 12; see generally Docket No. 1, Compl.). This job was to address telephone calls from lawyers, accountants, and taxpayers and included regularly accessing confidential taxpayer information (Docket No. 18, Def. Statement ¶¶ 16, 17).

In 2001, Ahles' doctor diagnosed her with irritable bowel syndrome ("IBS"), with regular to daily symptoms of pain and frequent need to defecate (id. ¶¶ 21-25). IBS precluded Ahles from working from 2001 to 2003, before she started with the IRS (id. ¶ 26). She later had her large intestine removed in 2002-03 relieving her IBS symptoms (id. ¶ 27).

In 2003, her doctors diagnosed Ahles with Crohn's disease with similar symptoms as IBS (id. ¶¶ 28-30). She then had surgery on her small intestine after a section burst due to Crohn's disease (id. ¶ 31).

Ahles claims that after her surgeries IBS and Crohn's disease continued to cause bloating, stomach, back, face, and neck pain, with defecation five to ten times a day and (due to avoiding constipation) frequent daily urination. (Id. ¶ 32.) To manage these symptoms, Plaintiff testified that she needed to be close to a bathroom (id. ¶ 33). Ahles' medical condition also caused fatigue (id. ¶¶ 38-39). She testified that her condition affected her ability to work (id. ¶¶ 40, 41-44; Docket No. 21, Ex. 1, Pl. EBT Tr. at 62-64).

Since 2015 and her employment with the IRS, Ahles missed what the Government terms "substantial periods of time" from work due to her medical condition (Docket No.

18, Def. Statement ¶ 45). Ahles sometimes was not at work for weeks or months at a time and she suffered pain or the need for frequent defecation that prevented her from leaving home (id. ¶¶ 46-49, 51). When she suffered severe symptoms, Ahles testified that she could not perform her daily activities (id. ¶ 54).

The IRS scheduled Ahles to work a compressed nine-day schedule, working eight nine-hour workdays, one eight-hour workday, and taking off the second Thursday of every pay period (id. ¶¶ 60-62). The Government reviewed Ahles' leave usage charts from 2015-19. Ahles was absent without leave ("AWOL") for sixteen pay periods of twenty-six in 2015 (id. ¶¶ 59, 63-64, 67, 70, 72). Ahles did not recall why she was absent but it was agreed that it was likely because of a severe bout of stomach pain and bloating caused by her IBS and Crohn's disease (id. ¶¶ 65, 68). The Government calculated that Ahles took leave to a total of 1,453.5 hours that year. The Government then analyzed Ahles' leave requests for 2016-19 under other leave categories as well as AWOL (id. ¶¶ 77-79, 80-86, 87-94, 95-108).

From 2015 to 2019, the Government found that Ahles took leave in various forms 73.4% of her time and only worked 26.6% of her time (id. ¶¶ 109-10).

Ahles recalled a conversation with an IRS supervisor during one of her leave periods warning her that she needed to come back or she would lose her job (id. ¶ 69; Docket No. 21, Ex. 1, Pl. EBT Tr. at 94).

In November 2015 she requested as a reasonable accommodation of being able to frequently use the bathroom (beyond two 15-minute breaks) and for longer than five minutes at a time (Docket No. 18, Def. Statement ¶¶ 111, 113; Docket No. 21, Ex. 29A, page 2, reasonable accommodation request). The IRS granted the request with condition

that Plaintiff complete any missed work due to these breaks at the end of the workday but the IRS never enforced this condition (Docket No. 18, Def. Statement ¶ 116). Ahles accepted that condition (id. ¶ 115).

Sometime in 2019, Ahles sought leave to telework full-time from her home as a reasonable accommodation (id. ¶ 120). Her supervisor replied that telework was not an available option for her position (id. ¶ 122) with the Government explaining that teleworking was not available to Ahles' bargaining unit and "various security, procedural and regulatory reasons" preclude telework (id. ¶ 128). Ahles wrote to her union attorney explaining that she could not work because of her health issues (id. ¶¶ 123-24; Docket No. 21, Ex. 30).

On October 24, 2019, the IRS wrote to Plaintiff giving her notice of her pending termination due to excessive absenteeism (citing 70 instances of her being AWOL in 2019) (Docket No. 18, Def. Statement ¶¶ 129-30; Docket No. 21, Exs. 26, notice of AWOL charges, 27, Oct. 24, 2019, notice letter). On December 3, 2019, the IRS wrote Ahles terminating her (Docket No. 18, Def. Statement ¶ 136; see id. ¶¶ 137-38).

B. The Government's Motion for Summary Judgment (Docket No. 17)

The Government answered for the Secretary (Docket No. 6). On October 28, 2022, the Government moved for summary judgment (Docket No. 17). After extensions of the briefing schedule (Docket Nos. 22-26), responses were due by January 9, 2023, and reply by January 23, 2023 (Docket No. 26). Upon timely briefing (Docket Nos. 27, 28), the Motion is deemed submitted.

### III. Discussion

#### A. Generally Applicable Standards

##### 1. Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," id.

The movant seeking summary judgment has the burden (through pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials, Fed. R. Civ. P. 56(c)(1)) to demonstrate the absence of a genuine issue of material fact, Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion," Addicks v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper," Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue of fact for trial," Anderson, supra, 477 U.S. at 249. "Assessment of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment," Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat summary judgment, Anderson, supra, 477 U.S. at 252. A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence showing that its version of the events is not wholly fanciful," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That is, there must be evidence from which the jury could reasonably find for the nonmoving party, Anderson, supra, 477 U.S. at 252.

> 2. Reasonable Accommodations under the ADA and Rehabilitation Act

Plaintiff claims the denial of reasonable accommodations under the Americans with Disabilities Act and the Rehabilitation Act. For "the purposes of the ADA, a 'qualified individual' is 'an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.' 42 U.S.C. § 12111(8)," McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009). Plaintiff here establishes her prima face case by showing that (1) she is a person with a disability as defined by the ADA, (2) the IRS had notice of her disability, (3) with reasonable accommodations Plaintiff could perform the essential functions of the job, and (4) the IRS has refused to accommodate, id. at 97 (quoting Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006) (internal quotation omitted)).

Plaintiff bears the burden of both production and persuasion as to the existence of an accommodation that would allow her to perform essential functions of the job, McBride, supra, 583 F.3d at 97, 95-96 (summary judgment granted to defendant BIC because plaintiff failed to raise genuine issue of material fact as to whether there was an accommodation that defendant could have pursued).

B. Contentions

At issue here is the existence of disputed material issues of fact for the Government's Motion for Summary Judgment. The Government moves for judgment dismissing Ahles' Rehabilitation Act and ADA claims because she does not establish that she was otherwise qualified for her job with the IRS (Docket No. 19, Def. Memo. at 3-7). The Government further contends that Ahles also fails to show that the Government did not provide reasonable accommodation for her condition (id. at 7-12).

Ahles first objects that the Government submits a "Statement of Undisputed Facts" rather than a "Statement of Undisputed Material Facts" as she believes is required by this Court's Local Civil Rule (Docket No. 27, Pl. Memo. at 6-8 (emphasis supplied)). Thus, Ahles concludes that the Government fails to assert material issues of fact were not in dispute (id. at 6-7). She rejects the Government's view of the facts and claims there is a disputed question of material fact precluding summary judgment (id. at 8-11). Ahles argues that one material fact is whether in-person attendance at work was an essential function of her job (id. at 7). She also emphasized two factors determining the existence of material fact regarding essential job function for reasonable accommodation, the work experience of past incumbents in the job and current work experience of incumbents in similar jobs, 29 C.F.R. § 1630.2(n)(3)(vi), (vii); Miller v. Illinois Dep't of Transp., 643 F.3d 190, 198 (7th Cir. 2011) (id. at 8-9).

Ahles notes that during the COVID-19 pandemic other IRS employees were allowed to telework (id. at 7, citing Gentile v. County of DuPage, 583 F. Supp. 3d 1167, 1169 (N.D. Ill. 2022)).

7

The Government replies that Ahles cannot prove her prima facie case as a matter of law (Docket No. 28, Def. Reply Memo. at 3-8).  The Government notes Ahles failed to respond to its Statement of Undisputed Facts (id. at 1-2), raising an argument termed "semantical nonsense" (id. at 2 n.1), thus various facts stated therein should be deemed submitted (id. at 2-3).  The Government would reject Ahles' comparison with other IRS workers allowed to telework during the COVID pandemic because reasonable accommodation is an individualized inquiry, see McBride, supra, 583 F.3d at 97, and not dependent upon how the IRS treated other (presumed able-bodied) employees during a pandemic (id. at 6).  It also argues that the IRS fired Ahles due to her availability to work and not on whether the work was in-person or remotely.

      C.  Plaintiff Does Not Contest the Government's Facts

Under this Court's Local Civil Rule 56(a)(2), where the opponent to a Summary Judgment Motion fails to respond to movants' proffered Statement of Facts (however denominated) the asserted facts therein may be deemed admitted, id.

Here, Ahles objects to the title of Defendant's document that includes the proposed facts (Docket No. 27, Pl. Memo. at 6 ("Statement of Undisputed Facts," Docket No. 18, but not a "Statement of Undisputed Material Facts")) and what she terms the absence of "material" facts.  Ahles, however, did not submit a response to Defendants' Statement.

This Court's Local Civil Rule 56(a)(1) requires a summary judgment movant to annex "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  The name of that document is not dispositive.  The purpose of this Rule 56(a) requirement of competing Statements is to assist this Court in identifying (if any) facts that are in dispute

and whether they are material.  In presenting such a statement supported by evidence in the record, the facts stated therein are presumably material until challenged by the opponent.

Here, the Government in its Statement gave Plaintiff's medical condition and her attendance at work history with the IRS, citing Ahles' deposition testimony and exhibits produced at that deposition (Docket Nos. 18, 21).  Ahles, however, presents no sworn statement or exhibits as well as not furnishing a paragraph-by-paragraph countering statement of material facts.  She has not objected to the characterization of her ailments or her absenteeism described in the Government's Statement.  Ahles also has not shown which allegations are denied or not material.

It is telling that Plaintiff also has not filed her affidavit (or her counsel's affirmation) or present evidence to refute Defendant's proffered evidence and factual allegations claimed to be undisputed.  Ahles does not allege facts in dispute or evidence contrary to Defendant's assertions.  Absent Plaintiff's countering statement or proffering evidence responding to Defendant's allegations, those allegations are deemed true, W.D.N.Y. Local Civ. R. 56(a)(2).

Ahles argues (but does not prove) that her job requirements obliged her presence at IRS offices.  Rather, the issue is her availability to work.  The factors under 29 C.F.R. § 1630.2(n)(3) for essential functions to mandate reasonable accommodations are not addressed where the threshold issue is whether the employee is able and available to work (Docket No. 28, Def. Reply Memo. at 4-5).  Due to her ailments, Ahles complained of pain, bloating, and frequently required to use the bathroom, precluding her from working, sitting, or going into work (Docket No. 18, Def. Statement ¶¶ 38-42).  She has

not presented evidence that she was able to telework from her home despite her ailments to raise a material issue of fact. The Government presented evidence, including Ahles' deposition testimony (Docket No. 21, Def. Atty. Decl. Ex. 1), of her inability to work due to her condition. The Government met its burden demonstrating the absence of material issues of fact. Ahles has not presented a scintilla of evidence, cf. Anderson, supra, 477 U.S. at 252, to the contrary.

Ahles' claim fails notwithstanding the fact that the IRS later allowed employees to telework during the COVID-19 pandemic while denying Ahles' similar request. The Government denied Ahles' telework request earlier in 2019 and terminated her on December 3, 2019, before the first COVID-19 infections in the United States, see also Gentile, supra, 583 F. Supp. 3d at 1170 (March 2020 plaintiff and coworkers instructed to work remotely), or the first confirmed case of COVID-19 in this District after March 13, 2020, United States v. Cooper, No. 18CR126, 2020 WL 4474071, at *8 (W.D.N.Y. Aug. 4, 2020) (Wolford, C.J.). As the Government observes (Docket No. 27, Def. Reply Memo. at 6), Ahles does not argue that pandemic allowance of telework was based on a reasonable accommodation of an IRS employee, see also Thomas v. Bridgeport Bd. of Educ., No. 3:20-cv-1487 (VLB), 2022 WL 3646175, at *4 (D. Conn. Aug. 24, 2022) (quoting EEOC COVID-19 and the ADA FAQ, giving guidance that the availability of telework during the pandemic did not mean that an employer permanently changed a job's essential functions or made telework a feasible accommodation).

The Government has shown that there is no genuine dispute as to any material fact, here Ahles' availability to work given her condition. Therefore, the Government's

Motion for Summary Judgment (Docket No. 17) dismissing the Third Cause of Action and thus this case is granted.

## IV. Conclusion

Plaintiff fails to present admissible evidence to conclude that issues of material fact exist to preclude granting summary judgment to the Government.  Therefore, Defendant Janet Yellen's Motion for Summary Judgment (Docket No. 17) is granted, dismissing all claims against her by Plaintiff Carla Ahles.

## V. Orders

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 17) is GRANTED.

FURTHER, that the Clerk of Court DIRECTED to close this case.

SO ORDERED.

Dated:     May 25, 2023
           Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge